Opinion of the court, by
Judge Burnet :
The error assigned in this case is, that the court of common pleas arrested the judgment, on the ground that the facts amounted to a trespass vi et armis, and that this action could not be sustained. It became necessary, therefore, to ascertain the distinction between trespass and case, and apply it to the facts and circumstances set out in the declaration.
The plaintiffs charge that the defendant was the owner and commander of a certain steamboat, called the Congress, navigating the Ohio river — that he so carelessly navigated, managed, *157 and steered the said steamboat, that he run her foul of, struck, and broke a certain coal-boat, downed and navigated by the plaintiffs, by means of which the said coal-boat immediately sunk, and was lost.
The-plaintiffs contend that the injury here described was consequential and not direct; but if direct, that it was the result of negligence, and that in either event, the action ought to be case.
The first part of this proposition certainly can not be sustained. The terms consequential and immediate are well understood. That is immediate which is produced by the act to which it is ascribed, without the intervention or agency of any distinct, immediate cause, but the effect of an intermediate cause is sometimes considered as a trespass, produced by a preceding cause, when the former is the immediate effect of the latter. Thus, the effect of pulling the trigger of a loaded gun is the production of fire, which causes the powder to burn, which gives motion to the ball, by which the injury is produced ; here the whole transaction is con sidered as one act, and the trespass is ascribed to the pulling of the trigger, though the injury is the immediate effect of an intervening cause, which gave motion and force to the ball. So in the case of the lighted squib, although it would have been harmless to the plaintiff, without the agency of Willis and Ryal, yet as they acted in self-defense, to avoid the danger produced by the agency of the defendant, their conduct was ascribed to him. All that was done subsequent to the original throwing was considered as a continuation of the first act, and the putting out of the plaintiff’s eye, was declared to be the immediate effect of that act. In this case the defendant was at the helm, directing the course of his boat — the steam which gave it motion was under his control; the boat therefore received its motion and course from the defendant, by which it was made to strike the plaintiffs’ boat, so that it was broken, and immediately sunk. Here there was no distinct intermediate agency. The injury was the breaking and sinking of the coal-boat — the cause of that injury was the act of the defendant, in running the steamboat against her. The injury, therefore, can not be considered as consequential — it was direct and immediate.
The second part of the proposition is equally untenable. The ^defendant could not shelter himself under the plea of negligence, and the plaintiffs are not at liberty to force on him an *158 apology of which he could not avail himself. The character of the transaction, in reference to the form of the suit can not be affected by the presence or absence of negligence. That circumstance may, in some cases, have an impression on the amount of damages recovered, by varying the degree of malice, but it can not change the nature of the act. If it has the ingredient that stamps it with the character of a trespass, it must be treated as such. If a man shooting at game, does it so carelessly and negligently as to wound a person happening to be in the vicinity, the fact that it was done carelessly, and without design, will not protect him from an action of trespass. So if a man in self-defense, aims a blow at another, and by negligence or want of care strikes a third person, it is a trespass.
The proposition set up by the plaintiffs that where there is negligence, although the injury be immediate, the party may waive the immediate injury, and claim the damages only which is the consequence of the injury, amounts to this, that he may take up ■ an entire, connected transaction by parts, and rely on as much of it as will answer his purpose, to the exclusion of the residue. This would be a convenient privilege, as it would .often save a plaintiff from the unpleasant consequences of a nonsuit; but it would destroy established distinctions, and introduce an uncertainty in judicial proceedings which would be inconvenient and injurious. One of the reasons given for not sustaining actions on the case, where the circumstances amount to a clear trespass, and vice versa, is the necessity of preserving the boundary of actions, by which I understand the rules that prescribe what particular action or form of suit, shall be brought for each particular injury. These rules can not be uniform, if plaintiffs are permitted to garble their cases, so as to convert an unequivocal trespass, into trespass on the case. Were this permitted, I can not conceive of any trespass that may not be sued for in the form of case. What are the ordinary concomitants of a severe battery ? They are plain, bodily and mental — incapacity for business — the expense of medical aid, and disgrace in the public estimation. *If under the pretense of waiving the immediate injury, which is pain, the party may go for the consequential damage, which is the incapacity for business, expense, etc., it will be a matter of but little moment whether he sue in trespass or in case, as the only difference in the result would be the portion of damage that might be allowed for the *159 pain inflicted. If this be conceded, the boundary between trespass and case is at once broken down — courts have no control over it — it is in the power of every plaintiff, and may be varied as the convenience of the moment may require. Should a party mistake his remedy, and sue in case for an undoubted trespass, he has only to turn on his opponent, and say, I waive the immediate injury, and he is perfectly safe. I have looked into the authorities cited to this point, and although some of them seem to be in opposition to the general tenor of the cases on the subject, I can not believe that they .sustain the plaintiffs. Turner v, Hawkins, 1 Bos. & Pul. 472, was a writ of error, after verdict. The court put the case entirely on the ground of a nonfeasance, which they said made it a complete action on the case. They referred all the circumstances alleged, to the not slackening of the rope, by the defendant’s servants, as they were bound to do, and having done so, they declined looking into the cases cited to show the distinction between trespass and case.
In Pitts v. Gaince, etc., 1 Salk. 10, the question settled was, that the captain of a vessel lying in port, not being the owner, may maintain case against an officer, who unlawfully detains her in port, for the particular loss he has sustained, by the detention of the voyage, or may bring trespass, founded on his possession, as the bailiff of goods may.
In Slater v. Baker, 2 Wils. 359, the injury complained of proceeded from ignorance and want of skill, in the defendants, who had been employed as surgeons by the plaintiff. After verdict, the court refused to look with eagle’s eyes, to see whether the evidence applied exactly to the case or not, but they settled no point relative to the distinction between case and trespass, or the right of a party to waive a direct trespass, and bring case for consequential damage.
Huggit v. Montgomery, 2 New Rep. 446, was an action *of trespass against the master of a vessel for an act of the pilot, done while the defendant was on board but not by his order. The court do not give the reason of their opinion, but from an observation of Chambre, Justice, it appears to have been that the master was not liable to an action of trespass for the act of the servant, done without his order.
In Rogers v. Enbleton, Id. 117, the marginal note cited, and relied on by the plaintiff, does not appear to be supported by the *160 text. The'distinction, however, between trespass and case, was not agitated, nor do the court refer to it in their opinion. The editor has taken it for granted, that it was an action on the case, but the defendant’s counsel did not so consider it, or they would not have assigned, as a cause of demurrer, the omission of the words vi et armis, and contra pacem, nor would the court have gravely decided that because the injury was alleged to have arisen from mere negligence, the words vi et armis and contra pacem were not necessary in an action on the case. Those words have no place in such a declaration — their presence would have been a cause of demurrer, rather than their absence.
Ogle v. Barnes, 8 Term, 188, has also been cited. At first view it would seem difficult to reconcile this case with the mass of cases reported on the same subject, or with the rule adopted by the chief justice, in the case itself, which was, that if the act occasion an immediate injury to another, trespass is the proper remedy, but if the injury be not immediate but only consequential on the act done, case must be brought. But a careful examination, after reading the explanation given of it in Leame v. Bray, will remove the difficulty. It could not have been the intention of the court to shake the rule established by so many preceding cases, because they expressly recognize it, and because they have put their decision on a different ground, to wit: that it did not appear that the injury proceeded from the personal acts of the defendants, or that they were even on board of the vessel at the time.
The passage referred to in Chitty does not lay down a general rule. It merely states that the party injured has sometimes an election, which is all that can be gathered from the cases he cites, most of which I have noticed above. *The case of Blin v. Campbell, 14 Johns. 433, appears to go the whole length contended for by the plaintiffs; and although that decision was recognized as being correct, in Percival v. Hickey, 18 Johns. 288, on the authority of Chitty, and the cases cited by him, yet we can not adopt it for the government of this case. Some of the references in Chitty do not touch the point, others are equivocal, and as far as they go to establish the doctrine contended for, they are opposed by others, which we think they ought not to control.
The uncertainty that exists in cases of this character, may be ascribed, in some measure, to the decisions that have been made in case for running down ships, where the force that causes the in *161 jury does not always proceed from the agency of the person having the management of the vessel. Winds, waves, and currents may counteract his designs, by moving the ship in a course he has endeavored to avoid. It may be easy to determine the presence of this agency, but difficult to ascertain the extent of its effect. On a supposition that the defendant’s vessel has been taken to the point where the injury was done, without his agency, or in opposition to his efforts, honestly made to prevent it, it would be hard to declare him a trespasser. The impossibility of knowing with certainty the real extent of this extraneous cause, and-how far it might have been in the power of the defendant to counteract it, or whether his efforts by miscalculation or design, did not co-operate with it, renders it difficult to apply a uniform rule. But this difficulty can not be found in eases that receive an unequivocal character from the certainty of the facts on which they depend.
Something may also be ascribed to the reluctance with which courts yield to the necessity of deciding against a just claim, on a technical objection, or of turning a party round, because he has mistaken his remedy. In some instances this feeling has induced judges to avail themselves of circumstances in support of a case, having justice and equity on its side, that do not form a legal distinction, or bring it within any established rule. The same circumstances are relied on in other cases, which tends to render *the law apparently doubtful. For example, in some cases we find the lawfulness or unlawfulness of the act much insisted on, from which an inattentive reader might conclude that that circumstance formed the rule of distinction between trespass and case; but it is well known that acts strictly lawful frequently amount to trespass, while those that are not unlawful are attended with injuries, for which trespass can not be sustained. Thus, if a man shooting at a target, which is lawful, miss his aim and wound another, trespass will lie; but if he dig a pit in the highway, into which a traveler falls, trespass will not lie, although the act was unlawful.
In some cases, great stress is laid on the force that accompanies the act, by which an injury is done, but this is not a distinguishing fact — it forms no criterion by which to decide the character of the injury, or of the remedy. This will appear from the very familiar case of the log: if it be thrown into the highway with great force and violence, and afterward a traveler falls over it, he can not have trespass; but if it be laid very gently on his foot, by which *162 he is injured, trespass will lie., So if a man quietly enters tho inclosure of his neighbor and picks up an apple, trespass will lie; but if he should, by forcible and violent effort, obstruct a watercourse, whereby the water is caused to flow back on his neighbor’s land, it would not be a trespass — he would be liable only in an action on the case.
It has also been contended, as it is in this case, that when the act from which'the injury proceeds, was done willfully, trespass is the proper remedy; but not so when it is the effect of carelessness, or negligence. But this.distinction can not be sustained, as will be evident from á little reflection. In the cases before mentioned, the log was thrown into the highway, and the water-course was obstructed intentionally, and it might be, to produce the very injury that ensued, but trespass could not be maintained. On the other hand, if, while a person is carelessly handling a loaded gun, he should unintentionally cause it to go off and wound another, trespass would lie, although the act was not willful, and the injury was the effect of negligence. So if a man should carelessly throw a brickbat from the scaffold and ^unintentionally wound .another, trespass would lie. In Leame and Bray, it was proved .that the accident happened from negligence, and not willfully, yet it was decided that trespass was the proper action. So in Weaver and Ward, where the defendant, exercising in the trained bands, .fired .his musket, and by accident hurt the plaintiff, it was trespass; and where a person suddenly turning round knocked another down, unintentionally and without seeing him, trespass was holden to lie.
The true distinction unquestionably is, whether the injury be immediate, or consequential, as will appear clearly from the authorities.
Taylor v. Rainbow, 2 Hen. & Munf. 436, was trespass on the case, for shooting off a gun in a place where many people were assembled, so carelessly and negligently, though without any design-to injure the plaintiff, that the contents of the gun struck his leg, and wounded him, in consequence of which wound his leg was amputated — he was unable to attend to his business, and put to great expense, etc. It was contended that the plaintiff had mistaken his action, and that the defendant could be made answerable only in an action of trespass vi et armis. The whole court were of that opinion, on the ground that the injury was immediate, being occasioned by the discharge of the gun. Judge Roane remarked, that *163 there was no position in the law more clearly established than this, that wherever the injury is committed by the immediate act complained of, the action must be trespass. Covel v. Laming, 1 Camp. N. P. 497. In this case the defendant was the owner of a ship: being on board, and standing at the helm, he unintentionally, and through ignorance and want of skill, run her against the plaintiffs ship in the river Thames. The action was trespass. It was contended for defendant, that the action could not be sustained, unless the act were willfully done, and that it was willfulness alone that could determine the nature of the act. Lord Ellenborough declared he had always been of opinion, that the only just and intelligible criterion of trespass and case, was, whether the injury complained of arose directly, or followed consequentially from the act of the defendant. That as the defendant at the helm guided his ^vessel, the winds and waves being only instrumental in carrying her along, the force proceeded from him, and the injury was the immediate effect of that force.
Reynolds v. Clarke, 2 Ld. Raym. 1399, was an action of trespass for putting up spouts to the defendant’s house by which the water was collected in great quantities, and thrown onto the plaintiffs land, by reason whereof, etc. The question was, whether case or trespass was the proper action. The court decided the distinction in law to be, where the immediate act itself occasioned a prejudice, or is an injury to the plaintiff, or where the act itself be not an injury, but a consequence from that act, is prejudicial to the plaintiff; that in the first case, trespass vi et armis will lie; in the last, it will not. And in remarking on the case of Preston v. Mason, cited at bar, from Hard. 61, the court observed, that case might be law, because it was laid, that the defendant made the water to run; which was the same as if it had been laid, that the defendant poured the water; in which case trespass would have lain, because the immediate act of pouring would have been a trespass. In the report of this case, as we find it in Stra. 634, the chief justice is represented as saying, if the action in the first instance be unlawful, trespass will lie; but if the act be prima facie lawful, and the prejudice to another is not immediate, but consequential, it must be an action on the case;'but the chief justice, in his own report of the case lays no stress on the lawfulness, or unlawfulness of' the act.
Savignar v. Roome, 6 Term, 125, was an action on the case, for driving willfully against the plaintiffs carriage, whereby it was in *164 jured. After verdict, judgment was arrested, because the injury was immediate, and the action, if any could be sustained,-should have been trespass.
In the case of Scott v. Shepherd, as we have it reported in 2 Blac. and 3 Wils., where there was no diversity of opinion as to the rule, that where the injury is direct and immediate, the action should be trespass. The disagreement was as to the proper inference to be drawn from the facts of the case. Judge Blackstone considered the injury as proceeding from the person who last threw the squib, and not from the defendant. The other judges considered that after the first *act of throwing the squib, the different directions which it received from other hands was a continuation of the first act of the defendant, and that the injury was the immediate consequence of that act, and on that ground the action of trespass was sustained.
In Howard v. Banks, 2 Burr. 1114, the distinction between trespass and case was recognized to be this : immediate damage to the plaintiff’s property is a ground for trespass, consequential damage to it is a ground for case. The court decided that the damage was consequential, and sustained the action.
In 1 Swift’s Digest, 540, it is laid down, that the criterion is not whether the act was accompanied with force, or whether there was an intent to do the injury, or whether the injury was occasioned by negligence; but the question always will be, whether the injury was the direct and immediate effect of the act complained of, or whether it was merely the consequence of some act or omission.
In Leame v. Bray, 3 East, 593, the whole court recognized the rule laid down in Scott v. Shepherd, that where the injury is direct and immediate, the remedy is trespass; where it is mediate and consequential, it is case. This was said to be the rule dedueible from all the authorities, ancient and modern; and Le Blanc, Justice, declared that in all the books the invariable principle to be collected is, that where the injury is immediate on the act done, then trespass lies; but where it is not immediate, but consequential, then the remedy is case.
On the whole, we are well satisfied that whatever may be the apparent discrepancy between the cases, the rule is clearly and judiciously settled, that where the injury is direct and immediate, the action must be trespass, whether the act were done willfully oi- *165 by negligence and want of care; and as the facts set out in the declaration show that such was the character of the injury complained of in this case, the judgment of the common pleas must' be affirmed.†

 NoTE bt the Editor. — Case how lies for all personal injuries in which trespass at common law was a proper form of action, 42 Ohio L. 72, sec. 4. Eor the common law distinction between trespass and case, see vi. 144, 147; vii. 211, part 2; v. 444. When case a proper remedy, see x. 159; ix. 163, 165; xi. 372; xiv. 147; xv. 5P0, 659, 726.